IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DARRELL SMITH,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>MOTOR CITY, and SOC ADMEMASTION 109,<br><br>　　　　　Defendants. | 8:23CV48<br><br>**MEMORANDUM AND ORDER** |

　　　　This matter is before the Court on Plaintiff's pro se Complaint filed on February 2, 2023. Filing No. 1. Plaintiff, a non-prisoner proceeding pro se, has also filed a Motion for Leave to Proceed in Forma Pauperis (the "IFP Motion"). Filing No. 2. Upon review of Plaintiff's IFP Motion, the Court finds that Plaintiff is financially eligible to proceed in forma pauperis. The Court is further required to conduct an initial review of prisoner and in forma pauperis complaints pursuant to 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

　　　　Liberally construed, Plaintiff brings this action under 42 U.S.C. § 1983 seeking to recover $65 million damages from Defendants "Motor City" and "Soc Admenastion 109." Filing No. 1 at 1. Plaintiff's only factual allegation states "[s]omeone has Id of me in state that I never been need help in bringing these people to judgetis [sic], in other word, Id theft, Soc theft." Filing No. 1 at 4.

## II. STANDARDS ON INITIAL REVIEW

　　　　The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a

claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (quoting Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." Topchian, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. ANALYSIS OF COMPLAINT

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the

alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Even construed liberally, the Court cannot identify any federal statutory or constitutional provision that would give rise to a plausible claim for relief against any named defendant based on the facts alleged. Plaintiff's Complaint attributes no fault to either named defendant and states only that someone had an "Id of me" in a state he'd never been. These allegations do not state sufficient facts to provide fair notice of the nature and basis or grounds for any claims over which this Court would have jurisdiction. Accordingly, the Complaint is subject to dismissal on initial review. *See Denton v. Hernandez*, 504 U.S. 25, 32–34 (1992) (court may dismiss complaint of plaintiff proceeding in forma pauperis as frivolous and may disregard clearly baseless, fanciful, fantastic, or delusional factual allegations); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (dismissing complaint as frivolous and stating that "[a] complaint is frivolous when it lacks an arguable basis in either law or fact") (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).[1]

## IV. CONCLUSION

Plaintiff's Complaint does not allege any factual or legal basis for relief and thus no claim is stated upon which relief may be granted under § 1983. Consequently, Plaintiff's Complaint is subject to dismissal under 28 U.S.C. § 1915(e). However, the Court on its own motion will give Plaintiff an opportunity to allege sufficient facts to state an actionable claim for relief, to the extent such claims can be alleged.

---

[1] The Court notes that Plaintiff filed a similar civil case in this Court on March 13, 2023, in which he names as the defendant, "Soc/theft/And/Id Theft." *See* Filing No. 1, Case No. 8:23CV91.

3

IT IS THEREFORE ORDERED:

1. Plaintiff's Motion for Leave to Proceed in Forma Pauperis, Filing No. 2, is granted, and the Complaint shall be filed without payment of fees

2. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff. In his amended complaint, Plaintiff must comply with federal pleading requirements.

3. In the event Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the Complaint, Filing No. 1, and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

4. The Court reserves the right to conduct further review of Plaintiff's claims in the event he files an amended complaint.

5. The Clerk of the Court is directed to set a pro se case management deadline using the following text: **April 24, 2023**—amended complaint due.

Dated this 23rd day of March, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge