IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DARRELL SMITH, <br><br> Plaintiff, <br><br> vs. <br><br> MOTOR CITY, and SOC ADMEMASTION 109, <br><br> Defendants. | 8:23CV48 <br><br> MEMORANDUM AND ORDER |

This matter is before the Court on Plaintiff's Amended Complaint, Filing No. 6, and Supplement, Filing No. 8. Plaintiff, a non-prisoner proceeding pro se, was given leave to amend his original Complaint after the Court determined the original Complaint failed to state a claim upon which relief could be granted under 42 U.S.C. § 1983. Filing No. 5 at 3. The Court reserved the right to review an amended complaint, if filed, pursuant to 28 U.S.C. § 1915(e)(2). Filing No. 5 at 4. For the reasons stated below, Plaintiff's amendments fail to state a claim over which this Court would have jurisdiction.

I. SUMMARY OF AMENDED COMPLAINT AND SUPPLEMENT

Plaintiff's Amended Complaint no longer seeks relief under 42 U.S.C. § 1983 but seeks $101 million in damages from Defendants "Motor City Cars" in Omaha, Nebraska and "Soc Admemastion/those United States."[1] Filing No. 6 at 2. Plaintiff's minimal factual allegation—and the basis for federal question jurisdiction—states that Defendants stole money from Plaintiff "out a state I don't live." Filing No. 6 at 3. He alleges "soc/theft in a state I never been." Filing No. 6 at 4. Plaintiff's Supplement states that Motor City

---

[1] The Court construes "Soc Admemastion/those United States" to mean the United States Social Security Administration.

charged $11,000 through identity theft and social security theft. Filing No. 8 at 1. Plaintiff also alleges "someone made Id in my name and they made to steal my soc security identity theft." Filing No. 8 at 1.

## II. STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should

construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. ANALYSIS OF COMPLAINT

Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). While complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), even pro se litigants must comply with the Federal Rules of Civil Procedure.

Here, Plaintiff's Complaint fails to meet this minimal pleading standard. Even construed liberally, the Court cannot identify any federal statutory or constitutional provision that would give rise to a plausible claim for relief against either named Defendant based on the facts alleged. Construed liberally, Plaintiff is attempting to sue the Social Security Administration, a federal agency. Sovereign immunity bars claims against federal agencies for damages, and there is no suggestion that Congress intended to subject federal agencies to liability. *See Brown v. Gen. Serv. Admin.*, 425 U.S. 820, 827 n.8 (1976). Moreover, Plaintiff alleges no wrongdoing by the Social Security Administration or any federal official. Plaintiff only appears to allege that "someone" stole

his identity resulting in "soc security identity theft." Filing No. 8 at 1. Accordingly, Plaintiff alleges no claim against Defendant Social Security Administration.

Plaintiff's claims against Defendant Motor City are also too minimal to support jurisdiction in this Court or to state a plausible claim for relief. Plaintiff alleges that both he and Defendant Motor City are Nebraska citizens. Thus, there is no diversity of citizenship. Additionally, neither the Complaint, Amended Complaint, nor the Supplement identify any federal statutes that would confer federal question jurisdiction. The only federal identity theft statute,[2] the Identity Theft and Assumption Deterrence Act of 1998, 18 U.S.C. § 1028, is a criminal statute and provides no civil right of action or civil remedy. See Smith v. Mutual Sav. Life Ins., Case No. 3:14–cv–96, 2014 WL 2991091, at *2 (N.D. Fla. July 2, 2014) (citing Garay v. U.S. Bancorp, 303 F. Supp. 2d 299, 302-03 (E.D.N.Y. 2004) (dismissing identity theft claim because 18 U.S.C. § 1028 provides no private cause of action)). Moreover, there is no indication that Congress intended a private right of action under § 1028. See Suter v. Artist M., 503 U.S. 347, 363 (1992) (stating that the party seeking to imply a private right of action bears the burden to show that Congress intended to make one available). Therefore, even construed liberally, Plaintiff has not identified a federal question that would permit this Court's jurisdiction over this case.

To the extent Plaintiff attempts to state a fraud claim against Defendant Motor City, such a claim would arise under Nebraska state law and would not provide grounds for federal jurisdiction. Plaintiff's complaint does not use the word fraud much less provide facts to support the essential elements of fraud. Nor do Plaintiff's allegations, even

---

[2] As stated above, Plaintiff never specifically requests relief under 18 U.S.C. § 1028 or any other federal statute. However, for purposes of addressing Plaintiff's identity theft claim, the Court analyzes Plaintiff's claim under 18 U.S.C. § 1028.

construed liberally, meet the heightened pleading standard for fraud required under Federal Rule of Civil Procedure 9(b). Rule 9(b) provides: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The minimal factual allegations in Plaintiff's pleadings fail to provide notice of any claim or any grounds for federal question jurisdiction.

## IV. CONCLUSION

Plaintiff's Amended Complaint and Supplement do not allege any factual or legal basis for relief and do not allege basis for jurisdiction in this Court. Thus, no claim is stated upon which relief may be granted and Plaintiff's Complaint is subject to dismissal under 28 U.S.C. § 1915(e).

IT IS THEREFORE ORDERED:

1. This action is dismissed with prejudice.

2. Judgment shall be entered by separate document

Dated this 16th day of August, 2023.

BY THE COURT:

*[signature]*

Joseph F. Bataillon
Senior United States District Judge